JOCELYN BURTON, SBN 135879
SCOTT NAKAMA, SBN 296732
**BURTON EMPLOYMENT LAW**
1939 Harrison Street, Suite 400
Oakland, CA 94612
Ph: (510) 350-7025
Fax: (510) 473-3672
jburton@burtonemploymentlaw.com
snakama@burtonemploymentlaw.com

Attorneys for Plaintiff
LASHANA CLIFTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHANA CLIFTON, individually, and on behalf of the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney Generals Act,<br><br>Plaintiffs,<br><br>vs.<br><br>GEO REENTRY SERVICES LLC, and THE GEO GROUP, INC. doing business in California as GEO CALIFORNIA, INC.<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>1. FAILURE TO PAY OVERTIME – PAGA<br>2. FAILURE TO PROVIDE OVERTIME – 29 U.S.C. § 207<br>3. FAILURE TO PAY TIMELY WAGES – LABOR CODE § 204 - PAGA<br>4. FAILURE TO FURNISH COMPLETE AND ACCURATE ITEMIZED WAGE STATEMENTS – LABOR CODE § 226- PAGA<br>5. FAILURE PAY ALL WAGES DUE UPON TERMINATION – LABOR CODE § 203<br>6. FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES – LABOR CODE § 2802<br>7. FAILURE TO KEEP PAYROLL RECORDS – LABOR CODE § 1174(d)<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Lashana Clifton ("Plaintiff") respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for monetary damages, injunctive relief and statutory and civil penalties under the Federal Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") and the California Labor Code. Plaintiff seeks redress for injuries that she and other aggrieved employees sustained from Defendants Geo Reentry Services LLC's ("Geo Reentry")

and Geo Group Inc. doing business in California as GEO California, Inc.'s ("Geo Group") (collective "Defendants") failure to pay Plaintiff and other aggrieved employees overtime wages and other violations of the California Labor Code.

## JURISDICTION

1. The Court has jurisdiction over this action under 29 U.S.C. § 216(b) and 217 and under 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over the related state claims under 28 U.S.C. § 1367. Plaintiff's claims pursuant to the FLSA and the California Labor Code are related, as all of Plaintiff's claims share common operative facts. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

3. The United States District Court for the Northern District of California is the proper venue under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in San Francisco, California.

## INTRADISTRICT ASSIGNMENT

4. This case should be assigned to the San Francisco or Oakland Division of the Northern District of California under Civil Local Rule 3-2 because a substantial part of the events or omissions giving rise to these claims occurred in the City and County of San Francisco, California.

## PARTIES

5. Plaintiff was at all times relevant herein employed in California and was an "employee" as defined by 29 U.S.C. § 203(e), the California Labor Code and applicable Wage Order(s) of the Industrial Welfare Commission ("IWC").

///

///

6. Defendant Geo Reentry is a Florida Corporation that operates non-residential reentry centers for parolees. Defendant Geo Reentry is an employer as defined by 29 U.S.C § 203(d), the California Labor Code and applicable IWC Wage Order(s).

7. Defendant The Geo Group ("Geo Group") is a Florida Corporation that provides correctional management. Defendant Geo Group is an employer as defined by 29 U.S.C. § 203(d), the California Labor Code and applicable IWC Wage Order(s).

8. Defendants employed Plaintiff and other aggrieved employees to provide reentry services to parolees.

## GENERAL ALLEGATIONS

9. At all relevant times, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1), (s)(1) because

   a. Defendants have owned and operated Geo Reentry and Geo Group for a common business purpose – to make a profit by providing reentry services to individuals who had been incarcerated – using the same management, marketing, and employment practices;

   b. Workers employed by Geo Reentry and Geo Group have handled products, including food, cleaning supplies and office supplies, made outside of California and transported into the State; and

   c. Since 2013, the combined annual gross volume of sales made, or business done by Geo Reentry and Geo Group has exceeded $500,000.

10. Plaintiff was employed by Defendants as a security monitor from April 11, 2016 until January 1, 2019. When she was terminated from her non-exempt position, Plaintiff was earning approximately fifteen dollars ($15.00) per hour.

11. Plaintiff and other aggrieved employees frequently worked in excess of eight hours in a workday and forty hours in a workweek. However, Plaintiff and other aggrieved employees were not paid overtime wages when they worked over eight hours a day and/or over forty hours in a workweek. Instead, Plaintiff and other aggrieved employees were paid a flat hourly rate approximating the minimum wage regardless of the number of hours worked.

12. Because Defendants did not pay Plaintiff and other aggrieved employees all the overtime wages they earned, Defendants failed to pay Plaintiff and aggrieved employees all wages due and owing at the close of each pay period.

13. Defendants also failed to provide Plaintiff and other aggrieved employees with complete and accurate wage statements.

14. During her employment, Plaintiff was not reimbursed for the use of her personal cell phone that they she was required to use during her employment. Plaintiff is informed and believes that Defendants failed to reimburse other aggrieved employees for the use of their personal cell phones.

15. When Plaintiff was terminated on January 1, 2019, Defendants failed to pay her with the overtime pay that she owed. Accordingly, Defendants are liable for waiting time penalties.

16. Plaintiff is informed and believes that Defendants failed to comply with Labor Code § 1174(d) by failing to maintain and provide payroll records showing the hours worked daily and the wages paid to employees for a minimum of three years.

### PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS

17. The Labor Code Private Attorneys General Act of 2004 ("PAGA"), as set forth at Labor Code section 2698 et seq., is and at all times relevant, was applicable to Plaintiff's employment with Defendants.

18. Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

19. Plaintiff was employed by Defendants and the alleged violations were committed against her in relation to her employment with Defendant. Plaintiff is, therefore, an aggrieved employee as defined by Labor Code section 2699(c). Other employees, current and former, are also aggrieved employees in that one or more of the alleged violations were also committed against them in relation to their employment with Defendants.

20. Pursuant to Labor Code section 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

21. Pursuant to Labor Code section 2699.3, an aggrieved employee may pursue a civil action under the PAGA after the following requirement have been met:

    a. The aggrieved employee has provided written notice by online filing to the LWDA and by certified mail to the employer (hereinafter "Employee's Notice") of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations; and

    b. The LWDA has provided notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the aggrieved employee's allegations. Upon receipt of the

COMPLAINT, CLIFTON v. GEO REENTRY SERVICES LLC, et al., Case No.

5

LWDA's Notice, or if the LWDA does not provide such Notice within 65 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

22. On January 30, 2019, Plaintiff Clifton provided written notice by online filing to the LWDA and by certified mail to Geo Reentry and Geo Group of specific provisions of the Labor Code alleged to have been violated by Geo Reentry and Geo Group including the facts and theories to support the alleged violations.

23. As of August 10, 2019, the LWDA has not provided Plaintiff Clifton with written notice that it intends to investigate the alleged violations of the Labor Code.

24. Pursuant to Labor Code section 2699.3(d), the aforementioned 65-day "exhaustion period" is not counted as part of the time limit for the commencement of a civil action to recover civil penalties under the PAGA.

**FIRST CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTION 510**
**(Failure to Pay Overtime – PAGA)**
**Against Defendants**

25. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth.

26. Pursuant to Labor Code section 510, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than

twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

27. During the relevant time period, Defendants failed to pay Plaintiff the overtime wages due and owing.

28. Plaintiff has been injured and request relief.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by aggrieved employees on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

## SECOND CAUSE OF ACTION
### VIOLATION OF 29 U.S.C. § 207
### (Failure to Pay Overtime – FLSA)
### Against Defendants

29. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 above as though fully set forth.

30.  During the relevant time period, Defendants violated 29 U.S.C. §§ 207(a)(2), 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours without compensating the employees for hours worked in excess of forty at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, Plaintiff routinely worked more than forty hours a week, but Defendants did not compensate her at one and one-half the regular rate at which she was employed for all hours worked in excess of forty.

31. At all relevant times, Defendants have willfully violated and continue to violate 29 U.S.C. §§ 207(a)(2), 215(a)(2).  Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed Plaintiff without properly compensating her for hours worked in excess of forty per workweek.

32. Plaintiff has been injured and request relief.

### THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 204
### (Failure to Timely Pay Wages – PAGA)
### Against Defendants

33. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as though fully set forth.

34. Labor Code section 204 provides "[a]ll wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

35. During the relevant time period, Defendants failed to pay Plaintiff in a timely manner her wages earned, in violation of Labor Code section 204.

36. Pursuant to Labor Code section 218.5, in any action brought for the nonpayment of wages, fringe benefits, or health and welfare pension fund contributions, a prevailing plaintiff shall be entitled to an award of attorney's fees and costs if requested upon the initiation of the action.

37. Plaintiff has been injured and requests relief. Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by aggrieved employees on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

///

///

# FOURTH CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 226(a), 226.3
### (Failure to Furnish Complete and Accurate Itemized Wage Statements – PAGA)
### Against Defendants

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth.

39. Labor Code section 226(a) provides "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing [. . .] (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, [. . .] (4) all deductions, provided that all deductions make on written orders of the employee may be aggregated and shown on one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer [. . .] and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]"

40. An employee suffering injury as the result of a knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees. Labor Code § 226(e)(1).

41. An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) through (9), inclusive, of subdivision (a) of Labor Code section 226 and the employee cannot promptly and easily determine from the wage statement alone:  (i) the amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a); (ii) which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period; (iii) the name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employee during the pay period; and (iv) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.  Labor Code § 226(e)(2)(A), (e)(2)(B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

42. During the relevant time period(s) and as set forth above, Defendants failed to provide accurate and complete itemized wage statements to Plaintiff, in violation of Labor Code section 226(a).

43. Labor Code section 226.3 provides the following in pertinent part: "[a]ny employer who violates subdivision (a) Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision

(a) of Section 226.  The civil penalties provided for in this section are in addition to any other penalty provided by law.

44. Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.  Plaintiff also hereby request the civil penalties, attorney's fees, and costs recoverable in a civil action brought by aggrieved employees on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201, 202**
**(Failure to Pay All Wages Upon Termination - PAGA)**
**Against Defendants**

45. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 as though fully set forth.

46. At all relevant times set forth, California Labor Code § 201 and 202 provide the if an employer discharges an employee, the wages earned and unpaid at the time of discharge and due and payable immediately, and if an employee voluntarily leaves his or her employment, his or her wages, will become due by seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

47. During the relevant time period, Defendants willfully failed to pay Plaintiff and other aggrieved employees their wages, earned and unpaid, either at the time of discharge or within seventy-two (72) hours of their leave Defendants' employ.

48. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, under §§ 201 and 202, then the wages of the employee will continue as a penalty from the due date, at the same rate until paid or until an action is commenced, but wages will not continue for over thirty (30) days.

49. Under Labor Code section 218.5, in any action brought for the nonpayment of wages, fringe benefits, or health and welfare pension fund contributions, a prevailing plaintiff shall be entitled to an award of attorney's fees and costs if requested upon the initiation of the action.

50. Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided. Plaintiff also hereby requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

## SIXTH CAUSE OF ACTION
## VIOLATION OF LABOR CODE §§ 2802
### (Failure to Reimburse for Business Expenses - PAGA)
### Against Defendants

51. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as though fully set forth.

52. California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

53. At set forth above and during the relevant time period, Defendants failed to indemnify and reimburse Plaintiff and California employees for all necessary expenditures or losses incurred in direct consequence of discharge of duties, or of obedience to the directions of Defendants.

54. Wherefore, Plaintiff has been injured and request relief as provided. Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by aggrieved employees on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

///

///

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 1174(d)**
**(Failure to Keep Payroll Records - PAGA)**
**Against Defendants**

55. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as though fully set forth.

56. Labor Code § 1174(d) provides that "Every person employing labor in this state shall:

    (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

Labor Code § 1174(d).

57. Plaintiff is informed and believes that Defendants have failed to keep payroll records showing the hours worked daily and the wages paid to employees at a central location within the state or at the establishment where the employees worked on file for a minimum of three years.

58. Wherefore, Plaintiff and other aggrieved employees have been injured and requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by aggrieved employees on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

**JURY DEMAND**

Plaintiff demands trial by jury of all claims and causes of action so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray judgment against Defendants as follows:

///

As to the First Cause of Action:

1. For unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit under Labor Code §§ 218.5, 1194(a), 2699(g).

2. For statutory penalties, including those available under Labor Code sections 203;

3. For civil and statutory penalties under Labor Code §§ 558 and 2699(a); and

4. For such other and further relief as the court deems just and proper.

As to the Second Cause of Action:

1. For unpaid overtime wages, liquidated damages, equitable relief, and reasonable attorneys' fees and costs under 29 U.S.C. § 216(b);

2. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

3. For such other and further relief as the Court deems just and proper.

As to the Third Cause of Action:

1. For civil penalties under Labor Code § 2699(a);

2. For attorneys' fees and costs under Labor Code § 2699(g); and

3. For such other and further relief as the court deems just and proper.

As to the Fourth Cause of Action:

1. Statutory penalties under Labor Code § 226(e);

2. Civil Penalties under Labor Code §§ 226.3 and 2699(a);

3. Attorneys' fees and costs under Labor Code § 2699(g); and

4. For such other and further relief as the court deems just and proper.

///

///

As to the Fifth Cause of Action:

1. For unpaid wages, liquidated damages, prejudgment interest, reasonable attorney's fees and costs of suit under Labor Code §§ 218.5, 1194(a), 1194.2(a).

2. For statutory penalties, including those available under Labor Code section 203;

3. For civil penalties under Labor Code §§ 1197.1(a), 2699(a) and

4. For such other and further relief as the court deems just and proper.

As to the Sixth Cause of Action:

1. Reimbursement of necessary expenditures, prejudgment interest, attorneys' fees and costs under Labor Code §§ 2699(g), 2802;

2. Civil penalties under Labor Code § 1197.1; and

3. For such other relief as the court deems just and proper.

As to the Seventh Cause of Action:

1. Attorneys' fees and costs under Labor Code § 2699(g);

2. Civil penalties under Labor Code § 1174.5; and

3. For such other relief as the court deems just and proper.

BURTON EMPLOYMENT LAW

Dated: August 10, 2019          By: //ss//Jocelyn Burton//ss//
                                     JOCELYN BURTON
                                     Attorney for Plaintiff
                                     LASHANA CLIFTON